No. 13664

IN THE SUPREME COURT OF THE STATE OF MONTANA

1978

_____

JERRY T. JEROME,

Petitioner and Respondent,

-vs-

DOROTHY S. JEROME,

Respondent and Appellant.

_____

Appeal from:  District Court of the First Judicial District,
Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

For Appellant:

Dorothy Stevens, Pro Se, Helena, Montana

For Respondent:

Datsopoulos and MacDonald, Missoula, Montana

Cause submitted on briefs.

_____

Submitted:  January 9, 1978

Decided:  FEB 1 - 1978

Filed:  FEB 1 - 1978

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court:

This is an appeal from an order of the District Court, Lewis and Clark County, granting a dissolution of the marriage of Dorothy S. Jerome and Jerry T. Jerome. The portions of the decree in issue are those relating to child support, maintenance, and property distribution.

The record reveals the parties were married December 11, 1952. Three children were born of the marriage; only one, a 12 year old girl, is still a minor. There is no dispute that Dorothy should have custody of this minor child.

Jerry is employed by Mountain Bell Telephone Company and has an annual income of between $18,000 and $19,000 per year, which is approximately the highest level he will be able to reach in his present position. Dorothy has worked briefly at secretarial types of positions, but has generally been a housewife for twenty-five years.

The assets of the parties consist almost entirely of real property. By the final decree of dissolution, entered September 20, 1976, Dorothy was awarded the family home; a small home next door; and the proceeds of the sale of some partially developed land, sold for about $8,000. Jerry was awarded an old mining claim costing about $30 and approximately six acres of land west of Helena, Montana.

The court also awarded Dorothy child support in the amount of $150 per month and monthly maintenance payments of $300 the first year, $200 the second year, and $100 the third year. A reevaluation of the maintenance issue is scheduled after the third year.

Dorothy was represented by counsel at the District Court but brings this appeal pro se. The issues raised by Dorothy may be consolidated into three classifications:

(1) Error by the District Court in failing to consider various documents;

(2) Several alleged violations of Dorothy's constitutionally protected rights; and

(3) Lack of evidence to support the District Court's findings relating to property distribution, maintenance and child support.

Issue (1). Dorothy attached to her brief on appeal various documents she prepared to show the income and expenses of the parties, and the value of her services during the marriage. None of these documents were offered into evidence at trial, neither was there any offer of proof made regarding them. As such, these documents are not a part of the record on appeal and will not be considered by this Court. Pillsbury v. Blumenthal, (1950), 58 N.M. 422, 272 P.2d 326.

Issue (2). Dorothy cites Sections 3, 9, 11 and 17, Article II, 1972 Montana Constitution and the Fourth, Fifth and Eighth Amendments to the United States Constitution. She states, without further explanation, that her rights under these provisions were violated by the District Court. We note no such arguments were made in the District Court either at trial or in her various post trial motions. Constitutional issues are waived if not raised at the earliest opportunity. Johnson v. Doran, (1975), 167 Mont. 501, 511, 540 P.2d 306. Dorothy clearly has waived her right to raise these issues before this Court.

Issue (3). This issue is whether the District Court abused its discretion in the awards of child support and maintenance, and in the final distribution of the property. The standard by which this Court reviews such an action by the District Court was recently set forth in Berthiaume v. Berthiaume, (1977), ___ Mont.____, 567 P.2d 1388, 34 St.Rep. 921, 924, citing Porter v. Porter, (1970), 155 Mont. 451, 457, 473 P.2d 538:

> "* * * In determining whether the trial court abused its discretion, the question is not whether the reviewing court agrees with the trial court, but, rather, did the trial court in the exercise of its discretion act arbitrarily without the employment of conscientious judgment or exceed the bounds of reason, in view of all the circumstances, ignoring recognized principles resulting in substantial injustice."

We have reviewed the entire record and find no abuse of discretion by the District Court. There was no error.

The judgment is affirmed.

Acting Chief Justice

We Concur:

Justices

- 4 -