376 So.2d 287 (1979)
Betty Kate BUTLER, Appellant,
v.
James M. BUTLER, Jr., Appellee.
No. 79-802/T4-492.
District Court of Appeal of Florida, Fifth District.
October 29, 1979.
Walter Komanski, Legal Aid Soc., Orlando, for appellant.
No appearance for appellee.
PER CURIAM.
This is an appeal from an order denying Appellant's motion for attorney's fees in a divorce case.
In denying an award of attorney's fees to Appellant, the trial judge held that:
"6. The Court does not award attorney's fees where the subject matter has been determined to be a Legal Aid case by local Legal Aid Society in that legal aid should not be provided if the other party has the ability to pay a reasonable attorney's fee, if awarded and if not a Legal Aid matter, parties should be sent to local Bar Association Legal Referral Services."
As noted by Appellant, an award of attorney's fees in domestic relations cases has traditionally been based on two factors: the need of the one party, and the ability of the other party to pay. Markland v. Markland, 21 So.2d 145, 147 (Fla. 1945). These factors were reiterated in the recent and factually similar case of Love v. Love, 370 So.2d 1231 (Fla. 4th DCA 1979), where the court stated:
"As to an award of attorney's fees, we see no reasonable basis on which to distinguish a client of a Legal Aid Society from one who retains private counsel. Accordingly, the judgment is reversed and this cause remanded with instructions to determine the need for attorney's fees and the appellee's ability to pay same. Assuming the judge finds that appellant is entitled to such an award, he shall determine the amount thereof."
This Court reiterates that view. The cause is remanded to the trial court with instructions to reconsider the issue of attorney's fees.
REVERSED and REMANDED.
CROSS, C.J., DAUKSCH, J., and McDONALD, PARKER LEE, Associate Judge, concur.