No. 80-393

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

IN RE THE MARRIAGE OF

LINDA MARIE THOMPSON,

Petitioner and Respondent,

-vs-

KENNETH NEAL THOMPSON,

Respondent and Appellant.

Appeal from: District Court of the Eighth Judicial District, In and for the County of Cascade, The Honorable, Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellant:

Smith & Harper, Helena, Montana

For Respondent:

Art Tadewaldt, Montana Legal Services, Great Falls, Montana

Submitted on Briefs: April 15, 1981

Decided: July 2, 1981

Filed: JUL 2 - 1981

Thomas Jr. Kearney
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Kenneth Neal Thompson appeals from the order of the District Court of the Eighth Judicial District, in and for the County of Cascade, awarding child custody, setting child support payments and disposing of personal property. We affirm.

Kenneth Neal Thompson and Linda Marie Thompson were married on May 31, 1974. They lived for a time on Kenneth's parents' ranch near Wolf Creek, Montana. A son, Kenneth Edward Thompson, was born on August 5, 1976. The family moved to Oklahoma shortly after the child was born. The father returned to Montana in May 1978. Linda and the child did not return until May 1979. Dissolution proceedings were initiated by Linda in July 1979. The marriage was dissolved on August 5, 1980. On August 26, 1980, the District Court made its findings of fact, conclusions of law and decree concerning child custody, child support and disposition of property. Linda was awarded custody of the son, subject to the father's reasonable rights of visitation. Kenneth was ordered to pay child support in the amount of $200 per month. Linda was awarded the following property: a washer and dryer, an antique table, a 1971 Dodge Charger or its value, the clothing and personal effects belonging to her and the child, and the baby furniture.

On appeal, Kenneth argues that the District Court abused its discretion in awarding custody of the child to Linda, in setting child support at $200 per month and in disposing of the property as noted above. In essence, all of the issues raised attack the sufficiency of the evidence to support the District Court's findings and conclusions. We will not now set out the evidence presented below. We

have reviewed the record, and hold that the evidence supports the conclusion that the award of custody of the son to Linda is in the best interests of the child. Kenneth has failed to show that there was a clear abuse of discretion by the District Court, has not overcome the presumption that the judgment of the District Court was correct, and has not demonstrated that there is a clear preponderance of evidence against the findings. Jensen v. Jensen (1979), ___Mont.___, 597 P.2d 733, 734, 36 St.Rep. 1259, 1261. We also hold that the District Court did not abuse its discretion in the award of support or in the disposition of property. The record does not disclose an arbitrary exercise of discretion without the employment of conscientious judgment. Jerome v. Jerome (1978), 175 Mont. 429, 574 P.2d 997.

Although Linda did not cross-appeal, she raises one issue under Rule 14, M.R.App.Civ.P. Did the District Court err in refusing to order Kenneth to pay Linda's attorney's fees, pursuant to section 40-4-110, MCA, because Linda was represented by Montana Legal Services Association?

Linda relies primarily on federal civil rights cases to support her assertion that representation by Legal Services should not bar an award of fees. However, in the cases cited in her brief, the awards were based either on the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, or on a private attorney general theory. The only dissolution case cited, Ferrigno v. Ferrigno (1971), 115 N.J. Super. 283, 279 A.2d 141, is from a jurisdiction which has not adopted the Uniform Marriage and Divorce Act. A showing of necessity is a condition precedent to the exercise of the court's discretion to grant attorney's fees under the Uniform Marriage and Divorce Act, section 40-4-110, MCA.

-3-

In re Marriage of Brown (1978), ___Mont.___, 587 P.2d 361, 367, 35 St.Rep. 1733, 1740. A party who has applied for and received the assistance of Legal Services in a dissolution action has thereby removed any personal necessity to seek the payment of fees from the former spouse. It has been held in Colorado, a state which has adopted the Uniform Act, that the statutory provision for assessment of attorney's fees was intended to equalize the status of the parties to the dissolution proceeding. In re Marriage of Franks (1975), 189 Colo. 499, 542 P.2d 845, 851. In interpreting the attorney's fees provision of the Uniform Marriage and Divorce Act as adopted in Kentucky, the Supreme Court of that state said that "[i]t is readily apparent that the authority of the court to order the payment of an attorney's fee in a divorce action does not exist for the protection of the attorney, but is strictly for the benefit of the client." Sullivan v. Levin (Ky. 1977), 555 S.W.2d 261, 263. Linda could show no necessity for an award of attorney's fees. The District Court did not err in refusing to grant fees to her.

The order of the District Court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-