No. 81-567

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

IN RE THE MARRIAGE OF
RONALD CLYDE HECHT,

Petitioner and Appellant,

vs.

DOLORES ANN HECHT,

Respondent and Respondent.

---

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Petitioner:

Bolinger & Higgins, Bozeman, Montana

For Respondent:

Berg, Coil, Stokes & Tollefsen, Bozeman, Montana

---

Submitted on briefs: May 27, 1982

Decided: August 11, 1982

Filed: AUG 11 1982

*Thomas J. Kearney*
_____
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

This is an appeal by husband of the October 29, 1981, judgment and decree of the Eighteenth Judicial District Court distributing the property of the parties. We affirm.

Ronald and Dolores Hecht were married October 25, 1968. They resided in Shelby, Montana, for four years before moving to West Yellowstone. Respondent taught school in Shelby for three years. After moving to West Yellowstone, she assisted in the office of her husband's plumbing business. She also operated a dog grooming business the last two years of the marriage.

Respondent's parents financed the purchase of a lot and building in West Yellowstone for appellant's plumbing business. Respondent contributed $1,000 cash toward that purchase. A later contribution from respondent enabled the parties to borrow $20,000 to build a shop and store building on their land. They also purchased and resided in a mobile home. The later contribution of $4,737 came from respondent's teachers' retirement fund and the sale of her cattle.

The parties separated in December 1979. Respondent returned to her parents' home in Dillon. Appellant remained in the mobile home in West Yellowstone and continued operating the plumbing business.

A decree of dissolution dissolving the parties' marriage was issued February 19, 1980. That decree stated that the property division dispute would be subsequently heard. It also ordered appellant to pay respondent "as maintenance and support the sum of five hundred fifty and no/100 dollars ($550.00) per month starting on the 20th day of February, 1980, and monthly thereafter until September 20, 1980."

Respondent used those funds to return to college and reinstate her teaching certificate. She has been unable to obtain a teaching position and currently works as a bookkeeper in Dillon for $3.50 an hour. Appellant earns approximately $25.00 an hour. Both parties are approximately forty-three years old.

In its findings of October 19, 1981, the District Court determined the property of the marriage to consist of the following:

1. Lot 5, Block 7, West Yellowstone, Montana:

| | | |
|---|---|---|
| Value of Land | $30,000 | |
| Value of Improvements | 28,000 | |
| | $58,000 | |
| First Mortgage | | $13,000 |
| Second Mortgage | | 21,000 |
| | | $34,000 |

   Net Equity  $24,000

2. Peerless Mobile Home  $12,000

3. Hecht Plumbing and Heating Inventory, including vehicles  $12,000

4. Pontiac Automobile  $ 6,000

5. Hebgen Lake Lot:

   Value of Land  $12,000

   Balance Due on Contract  $ 8,000

   Net Equity  $ 4,000

6. Miscellaneous Property and Collectibles  $ 3,736

Respondent was awarded the lot in West Yellowstone, together with all improvements; the Peerless mobile home; the Hebgen Lake lot; the Pontiac station wagon; and all furniture and collectibles then in her possession. Due to her "real potential of securing a teaching position," respondent was awarded no maintenance.

Appellant was awarded the Hecht Plumbing and Heating

inventory; the business vehicles; and all furniture and guns then in his possession. This apportionment left husband with approximately one-fourth of the marital assets.

Appellant filed a motion to amend and supplement findings of fact and conclusions of law and judgment on November 9, 1981. Appellant's motion was summarily denied November 19, 1981. He now appeals both the judgment and the order denying his motion to amend.

The issues presented to us on appeal are:

(1) Did the District Court act arbitrarily and abuse its discretion when it divided the parties' marital property?

(2) Did the District Court err in arriving at its findings of fact and conclusions of law by misstating the value of the marital assets?

This appeal centers around the value of the assets awarded each party and appellant's desire to have the property divided equally between the parties. We grant great deference to the District Court's resolution of property divisions in marital dissolutions. Jerome v. Jerome (1978), 175 Mont. 429, 574 P.2d 997. The judgment of the District Court will only be disturbed where there is a clear abuse of discretion resulting in substantial injustice. Creon v. Creon (1981), ___ Mont. ___, 635 P.2d 1308, 38 St.Rep. 1828.

The District Court did not act arbitrarily. Rather, the District Court followed the statutory guidelines for disposition of marital property set forth in section 40-4-202, MCA. That section does not require equal distribution of assets between the parties. It does require the court to consider such things as the duration of the marriage, and "the age, health, station, occupation, amount and sources

-4-

of income, vocational skills, employability, estate, liabilities, and needs of each of the parties. . ." The District Court did so.

The District Court noted that respondent gave up a teaching career in Shelby when her husband established a plumbing business in West Yellowstone. It also considered respondent's financial and time contributions to the plumbing business. Both parties' present incomes as well as their potential future incomes were considered.

In addition, the financial values placed on the various properties were reasonable and supported by independent appraisal. The District Court appears to have considered all encumbrances as well as the amount owing on the Hebgen Lake property contract. All marital assets were valued and a net worth, though not specifically referred to, can easily be determined from the court's findings on asset values and existing encumbrances. We find the apportionment, though granting more equity to wife than to husband, to be within the court's discretion.

The judgment is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-5-