*In re* MARRIAGE OF CINDY KAY BROCKETT, Petitioner-Appellant, and ROBERT EARL BROCKETT, Respondent-Appellee.

Fifth District   No. 5—84—0261

Opinion filed December 26, 1984.

Lawrence L. Ruemmler, of Land of Lincoln Legal Assistance Foundation, of Mt. Vernon, and James R. Conley, Jr., of Carmi, for appellant.

No brief filed for appellee.

JUSTICE WELCH delivered the opinion of the court:

The petitioner, Cindy Kay Brockett, appeals from that portion of the judgment of dissolution of marriage which denied her prayer for attorney fees. The trial court denied an award of attorney fees on the basis that petitioner had not "incurred" attorney fees as provided by section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 508).

Respondent has not filed a brief in this court. Petitioner's brief demonstrates *prima facie* reversible error and the contentions of the brief find support in the record; therefore, pursuant to our supreme court's opinion in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493, we reverse the judgment of the circuit court of White County and remand for a hearing to apportion between the parties the $730 in attorney fees which was previously determined in the trial court.

At the hearing on the award of attorney fees, petitioner testified that she contacted Land of Lincoln Legal Assistance. Land of Lincoln did not mention attorney fees and referred her to James Conley. It was agreed that, because she had no money to retain counsel, Land of

Lincoln would furnish her an attorney, and there was no written fee agreement between petitioner and Mr. Conley. Petitioner did not know the relationship between Land of Lincoln and Mr. Conley. Petitioner appeared in court twice for approximately two hours each, one hearing for the prove-up of grounds for the dissolution of marriage and the second hearing on the property settlement. After the second hearing, Mr. Conley informed her that attorney fees were $750 and not that she owed $750; however, she felt that either she or her ex-husband owed the money. In 1982, petitioner earned $1,200, and in 1983, she earned about $200 or $300.

Respondent testified that his income in 1983 was $16,429.

Respondent's attorney stipulated that petitioner's attorney's affidavit of expenses was reasonable. The affidavit listed 10½ hours at $60 per hour, $11 expended for long distance telephone calls, and $58.80 advanced for court costs, which totalled $730 (*sic*).

In denying the prayer for attorney fees, the court found "that pursuant to Section 508 of the Illinois Marriage and Dissolution of Marriage Act an award of attorney's fees cannot be made where the requesting party does not 'incur' attorney's fees or where the requesting party cannot be ordered to pay a portion of all of her own attorney's fees such as in the instant case."

On various documents filed in the trial court, it is stated: "Now comes petitioner, Cindy Kay Brockett, by her attorney James R. Conley, Jr. representing Land of Lincoln Legal Assistance Foundation, Inc."

In *Fairley v. Patterson* (5th Cir. 1974), 493 F.2d 598, a reapportionment suit, the court stated that in determining attorney fees, whether a client has agreed to pay a fee in what amount is not decisive; the criterion for the court is not what the parties agreed but what is reasonable. "Whether the attorney charges a fee or has an agreement that the organization that employs him will receive any awarded attorney's fees are not bases on which to deny or limit attorney's fees or expenses." 493 F.2d 598, 607.

The above-quoted language was cited with approval in *Merchandise National Bank v. Scanlon* (1980), 86 Ill. App. 3d 719, 408 N.E.2d 248, in which the trial court's award of attorney fees to the Legal Assistance Foundation of $3,625 was affirmed. In the foregoing case, the Legal Assistance Corporation represented a borrower who alleged that the bank had violated the Federal Consumer Credit Protection Act popularly known as the Truth in Lending Act (15 U.S.C. sec. 1601 *et seq.* (1976)), Regulation Z (12 C.F.R. par. 226.1 *et seq.*), and the Illinois Interest Act (Ill. Rev. Stat. 1975, ch. 74, par. 1 *et seq.*).

The bank contended that because *Scanlon* was under no obligation to pay his attorneys, the Legal Assistance Foundation, an award of attorney fees was in error. The Illinois Appellate Court ruled that the court did not abuse its discretion in awarding attorney fees. Among the reasons cited by the court was that the Truth in Lending Act does not make the award contingent upon plaintiff's obligation to pay her attorney or whether a fee is in fact charged; in the absence of an express limitation in the Act, a fee may be awarded to a legal services office.

In the case at bar, although petitioner may have no obligation to pay her attorney, the court may not deny or limit the award of attorney fees. Section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 508) does not expressly limit a fee awarded to a legal services office. We do not believe the word "incurred" as used in the statute is meant to exclude those represented by legal service agencies.

For the foregoing reasons, this cause is reversed and remanded to the circuit court of White County for the court to apportion the $730 in attorney fees and costs. Although petitioner may not be obligated to pay that portion apportioned to her, the respondent may be ordered to pay his portion to Land of Lincoln. In apportioning attorney fees, the court should not consider that petitioner is represented by Land of Lincoln. 42 U.S.C. sec. 2996(e)(b)(1)(B) (1982).

Reversed and remanded with directions.

KARNS and HARRISON, JJ., concur.