[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for attorney's fees pursuant to CGS § 42-150bb.
The following facts are relevant to the issues in this action: The defendant in this case, Housing Authority of the Town of Windsor (hereinafter "the Town"), had brought a summary process action seeking to evict the plaintiff in this case, Mr. Fonsworth. The Town in the summary process action alleged failure to materially comply with the provisions of the lease. Mr. Fonsworth denied the allegations and also filed a special defense in the summary process action.
On May 1, 2000, a Stipulation for Judgment was filed with the Court. Within hours after the filing, but before the Court had entered the judgment, the Town withdrew the stipulation.
Mr. Fonsworth moved to have the Court enforce the agreement. After an evidentiary hearing, the Court (Tanzer, J.) found that the attorney for the Town had entered into the agreement without actual or apparent authority. The Court denied the Motion to Enforce the Stipulation and the summary process action was set down for trial. After the trial this Court (Crawford, J.) entered judgment in favor of Mr. Fonsworth, the defendant in the summary process action.
Mr. Fonsworth argues that he is entitled to attorney's fees because he CT Page 9981 was the prevailing party in the summary process action. The Town argues that Mr. Fonsworth is not entitled to attorney's fees because the Town is not a commercial landlord, and Mr. Fonsworth did not incur any attorney's fees as he was represented by an attorney from Greater Hartford Legal Assistance.
The Town further agues that no fees should be awarded because Mr. Fonsworth's attorney was a salaried employee and the statute precludes payment to the salaried employee of the commercial party. Finally, the Town argues that if there is an award of attorney's fees, the amount should be no greater than the fees incurred by the Town.
 ATTORNEY'S FEES
CGS § 42-150bb provides as follows in pertinent part: "Whenever any . . . lease entered into on or after October 1, 1979, to which a consumer is a party provides for the attorney's fee of the commercial party to be paid by the consumer, an attorney's fee shall be awarded, as a matter of law to the consumer who successfully prosecutes or defends an action . . . based upon the . . . lease.
"`Commercial party' means the . . . lessor . . . and consumer means the . . . lessee. . . . These provisions apply to . . . leases in which the . . . property . . . which is the subject of the transaction is primarily for personal, family or household purposes.'"
In this case the Town and Mr. Fonsworth had entered into a written lease agreement for a period of one year from July 1, 1997 through June 30, 1998. Thereafter, the lease was automatically renewed for successive terms of one month each. Since each month was a separate lease term, the parties had entered into a lease after October 1, 1979.
Mr. Fonsworth had agreed and did use the premises as a private dwelling thereby making the transaction for personal, family or household purposes.
Paragraph No. 4(e) of the lease provides for the attorney's fees of the Town to be paid by Mr. Fonsworth if the Town instituted any action for possession of the leased premises or for the collection of rent. The Town had instituted a summary process action for possession and would have been entitled to attorney's fees if it had been the prevailing party. Mr. Fonsworth was the prevailing party.
The legislative history of PA 79-453, later codified as CGS §42-150bb, leads the court to conclude that the purpose of the statute was to create parity between the commercial party and the consumer, placing them on an equal footing. CT Page 9982
The Town, as the lessor and Mr. Fonsworth as the lessee are included in the definition of commercial party and consumer respectively. The statute does not make any distinction between a commercial or non-profit lessor. The only limitation in the statute is that it applies where the property is primarily for personal, family or household purposes rather than for a commercial or profit-making purpose.
In Martin v. Fellows[1] and Rodriguez v. Bristol Housing Authority[2]
the Court agreed that where the landlord is entitled to attorney's fees for any action arising out of the lease, so is the tenant.
Mr. Fonsworth, as a consumer (lessee) who prevailed in the summary process action is entitled to attorney's fees.
Another issue raised is whether fees should be awarded in this case. The Town argues that no fees should be awarded because Mr. Fonsworth was represented by Attorney Pels, a salaried employee of Greater Hartford Legal Assistance.
CGS § 42-150bb provides in pertinent part: ". . . No attorney's fees shall be awarded to a commercial party who is represented by a salaried employee." Since Mr. Fonsworth is a consumer (lessee), and not a commercial party (lessor) and Attorney Pels is not a salaried employee of Mr. Fonsworth, Mr. Fonsworth is entitled to attorney's fees.
In Benavides v. Benavides, 11 Conn. App. 150, 526 A.2d 536 (1987) the Court addressed the issue of awarding attorney's fees where the party had been represented by an attorney from a non-profit legal services organization. In that case, CGS § 46b-62 permitted an award of reasonable attorney's fees to either party according to their financial ability.
The Court acknowledged that the courts in Connecticut had not previously addressed the issue and looked to other jurisdictions for guidance. The Court looked at several cases in family matters, actions under truth in lending act, action to enforce public transportation, civil rights action, consumer protection action and landlord tenant action. Benavides, id at 152-153. The Court also recognized that indigents are represented by attorneys from legal services organizations in a large number of family relations matters. Furthermore, a party should not be encouraged to litigate under the assumption that no counsel fee would be awarded in favor of the indigent party represented by an attorney from public legal services. Benavides, id at 154.
Similarly, this Court recognizes that in Housing Court, indigent CT Page 9983 tenants are usually represented by attorneys from Greater Hartford Legal Assistance, a legal services organization, and landlords are usually represented by attorneys in private practice.
CGS § 42a-150bb makes no distinction between attorneys from legal services organizations and attorneys in private practice. The court in Benavides concluded that it would be proper to award attorney's fees even when a party is represented by a non-profit legal services organization. This Court likewise concludes that it is proper in this case to award attorney's fees to Mr. Fonsworth.
 AMOUNT TO BE AWARDED
Mr. Fonsworth is seeking $10,230.00 in attorney's fees.
CGS § 42-150bb provides in pertinent part as follows: . . . The size of the attorney's fee awarded to the consumer shall be based as far as practicable upon the terms governing the size of the fee for the commercial party."
Paragraph No. 4(e) of the lease provides for reasonable attorney's fees and the Court has stated that attorney's fees awarded to a consumer must be reasonable.[3]
Connecticut Rules of Processional Conduct, Rule 1.5 and the factors outlined in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19
(5th Cir. 1974) provide the factors to consider in determining the amount of reasonable attorney's fees.
Mr. Fonsworth presented Attorney Daniel Blinn as his expert on attorney's fees. Attorney Blinn had been in practice for approximately fifteen years. He had handled over six hundred (600) cases, most of them involving fee-shifting statutes. He had represented at least two (2) tenants on a pro bono basis and he was not familiar with the attorneys who handled primarily landlord/tenant cases.
Attorney Blinn had spent four hours reviewing the pleadings, legal memoranda, the cases cited and the time records of Attorney Pels and Attorney Stevenson in the present case. Attorney Blinn had not reviewed the summary process case, the basis for the claim in this action. He had also considered Rule 1.5, Georgia Highway, Attorney Pels' experience, and the fact that representing tenants was not very attractive to attorneys in private practice.
In his opinion, the attorney's fees requested are reasonable. CT Page 9984
The Town presented Attorneys Stephen Allaire and Maurice Mosley as their experts on attorney's fees.
Attorney Allaire has been in practice for approximately twenty-seven (27) years. He has represented tenants in at least seventy (70) cases and landlords in at least one hundred and forty (140) cases. He is very familiar with "housing" matters. Attorney Allaire has seen fees in summary process actions as high as $1,200.00, with the average fee between $350.000 to $500.00 plus costs. In his experience, the "prevailing rate" attorney's fee is usually equivalent to one month's rent and the amount of fees charged is market driven. If the case goes to trial then the attorney's fees would be an additional $600.00 to $1,000.00. Attorney Allaire had not reviewed this file or the summary process files. In his opinion the fees requested are unreasonable.
Attorney Mosley has been in practice for approximately twenty-six (26) years. Between thirty (30) and forty (40) percent of his practice is in "Housing Court" in at least four judicial districts. He has represented both landlords and tenants. Attorney Mosley was also a member of the State Legislature at the time the statute in question was passed. He had served on the Judiciary and Education Committee. He stated that the intent of CGS § 42-150bb was to balance the interest of the consumer with that of the commercial party.
The fee to represent a landlord is generally a flat fee between three hundred and fifty dollars ($350.00) and four hundred and fifty dollars ($450.00) and the fee is market driven. Approximately fifty percent (50%) of the cases are resolved by default. The Court is also aware that many cases are settled by stipulation.
Attorney Mosley seeks an hourly rate of $90.00 per hour for in-court time. He had not reviewed the files. In his opinion the amount Mr. Fonsworth is seeking for attorney's fees is excessive.
The fees claimed by Mr. Fonsworth are for services rendered by Attorney Stevenson and Attorney Pels.[4] Attorney Stevenson was admitted to practice in 1999. He worked at Greater Hartford Legal Services for nine months between 1999 and 2000. During that time he rotated through three major units. He handled between 20-40 tenant cases, including the summary process of Housing Authority of Town of Windsor v. Fonsworth. His main assignment was to do research on the issue of the motion to enforce the stipulation. Most of the time billed by Attorney Stevenson was for research, practicing with other attorneys and observing in court. Compensation for the briefs and filing matters related to the two actions would be reasonable. CT Page 9985
Attorney Pels has represented tenants since 1975 and has handled over 5,000 cases. He provides training on landlord/tenant law for others, including training for CLE credit for the Connecticut Bar Association, social services agencies, young lawyers and lawyers handling pro bono housing matters. He stated that approximately ninety percent (90%) of the cases he handles are settled. Attorney Pels is recognized as very knowledgeable and experienced in housing matters.
The amount of attorney's fees to be awarded rests in the sound discretion of the trial court. Rizzo Pool Company v. Del Grosso et al.,240 Conn. 58, 77-78 (1997).
The Court has considered Rule 1.5, the factors in Georgia Highway as applied by the Court in this State, the nature of the proceedings, the relative knowledge, skill and experience of the attorneys and the prevailing rate. Reasonable attorney's fees in the amount of $3,665.00 are awarded as follows:
 Summary Process Action
Flat rate until trial........................... $ 600.00 Trial — 8 hours @ $100.00 per hour.............. 800.00 Subtotal...................................... $1,400.00 Current Civil Action
 Time sheet — 7.10 hours @ $150.00 per hour ..... $1,065.00 Trial — 8 hours @ $150.00 per hour ............. 1,200.00 Subtotal...................................... 2,265.00 TOTAL $1,400.00 + $2,265.00................... $3,665.00
 CONCLUSION
The legislative history, the clear and unambiguous language of the statute, and case law, supports the finding that Mr. Fonsworth, the prevailing party in the summary process action, is entitled to attorney's fees under CGS 42-150bb.
Mr. Fonsworth is awarded reasonable attorney's fees at the prevailing rate in the amount of $3,665.00 payable to the legal services organization so that Mr. Fonsworth does not reap a windfall.
 ORDER
The defendant, Housing Authority of the Town of Windsor is ordered to pay attorney's fees in the amount of $3,665.00 within ninety days (90) days.
The payment should be made directly to Greater Hartford Legal Services. CT Page 9986
Crawford, J.