684 A.2d 635

**Kimberly Ann KRASSNOSKI, Appellant,**

**v.**

**Herbert ROSEY, III.**

Superior Court of Pennsylvania.

Submitted July 22, 1996.

Filed Oct. 29, 1996.

Patricia A. Brooks Brisini, Somerset, for appellant.

Scott A. Scurfield, Public Defender, Somerset, for appellee.

Before BECK, SAYLOR and OLSZEWSKI, JJ.

BECK, Judge:

The issue is whether in an action under the Protection from Abuse Act an unsuccessful defendant may be ordered to pay counsel fees to a legal services organization which represented plaintiff without charge. We hold that the Protection from Abuse Act authorizes the trial court to assess reasonable counsel fees on the defendant even in cases where plaintiff has been represented free of charge.

The request for counsel fees in this case was made by plaintiff Krassnoski through her counsel, Southern Alleghenys Legal Aid, Inc. in connection with her petition under the Protection from Abuse Act, 23 Pa.C.S. §§ 6101–6118. In addition to factual averments forming the basis of Krassnoski's claims of abuse by defendant Rosey, the petition included a prayer for relief seeking temporary and permanent injunctive relief, payment of costs by Rosey,[1] and an award of "attorneys fees not to exceed . . . $200 for a contested hearing, . . . $150 for a non-contested hearing and . . . $100 in the event of a consent agreement."

When the case was called for hearing, Rosey indicated his willingness to agree to a consent order granting injunctive relief. However, he refused to agree to the inclusion in the

1. Pursuant to the Protection from Abuse Act, costs are charged to the defendant if the plaintiff prevails unless the parties agree otherwise or the defendant is indigent, in which case costs are waived. 23 Pa.C.S. § 6107(d).

consent order of a counsel fees award because Krassnoski had not been required to pay for the services of her Legal Aid attorney. As a result, the case went on to a hearing. Rosey exercised his fifth amendment right to remain silent in light of pending criminal charges stemming from the incident. At the conclusion of the hearing, the court entered an order which enjoined Rosey from abusing, threatening to abuse, or having contact with Krassnoski and imposed costs upon Rosey. The court took under advisement the question of counsel fees.

After consideration of briefs on the counsel fees issue, the trial court issued an order and opinion holding that public policy militated in favor of permitting awards of counsel fees under the Protection from Abuse Act even in cases where the plaintiff is represented free of charge. However, the court denied the request for counsel fees in this case. Upon the filing of this appeal, the trial judge prepared a Pa.R.A.P. 1925(a) opinion explaining that counsel fees were denied because Rosey's conduct had not been dilatory, vexatious or obstructive, his exercise of his fifth amendment privilege had been proper under the circumstances, and his income was less than that of Krassnoski.

Our review of the trial court's denial of counsel fees in this case must begin with a consideration of the premise underlying both the trial court's decision and Krassnoski's argument: that the Protection from Abuse Act permits an award of counsel fees on behalf of a successful plaintiff even if that plaintiff was represented free of charge and was not actually liable for payment of such fees. We conclude that both the language of the Act and the policies underlying the Act support such awards.

Awards of counsel fees under the Act are authorized by Section 6108(a)(8), which provides that upon a finding of abuse, a court may enter an order which includes:

Directing the defendant to pay the plaintiff for reasonable losses suffered as a result of the abuse, including medical, dental, relocation and moving expenses; counseling; loss of earnings or support; costs of repair or replacement of real

or personal property damaged, destroyed or taken by the defendant or at the direction of the defendant; and other out-of-pocket losses for injuries sustained. *In addition to* out-of-pocket losses, the court may direct the defendant to pay reasonable attorney fees....

23 Pa.C.S. § 6108(a)(8) (emphasis added). The structure of this provision indicates that while medical, dental and other expenses incurred as a result of abuse may be ordered to be reimbursed only where the plaintiff is actually out-of-pocket for such expenses, counsel fees are to be treated differently. Reasonable counsel fees, by the clear language of the statute, may be awarded *in addition to* an order for reimbursement of amounts which the plaintiff has actually paid. Thus the statute may be read to permit an award of counsel fees even in cases, like this one, where plaintiff's counsel did not charge a fee for prosecuting the action for protection from abuse.

Such a reading of the statute is supported by important public policy considerations. Statutory provisions such as section 6108(a)(8), which depart from the general "American Rule" that each party is responsible for his or her own attorney's fees,[2] are generally enacted where the legislature wishes to encourage potential plaintiffs to seek vindication of important rights and to deter defendants from conduct violating those rights. *See, e.g., Rodriguez v. Taylor,* 569 F.2d 1231, 1245 (3d Cir.1977) (summarizing federal case law). As our appellate courts have recognized, the Protection from Abuse Act is a "vanguard measure dealing with the problems of wife and child abuse," *Cipolla v. Cipolla,* 264 Pa.Super. 53, 55 n. 1, 398 A.2d 1053, 1054 n. 1 (1979), the primary goal of which is "prevention of physical and sexual abuse," *Commonwealth v. Allen,* 506 Pa. 500, 515, 486 A.2d 363, 370 (1984). Viewed within the context of this overall statutory scheme, the purpose of the legislature in including in the Protection from Abuse Act a provision permitting awards of counsel fees

2. In Pennsylvania, the American Rule is embodied in 42 Pa.C.S. § 1726(a)(1), which provides that attorney's fees are not an item of taxable costs except as permitted by 42 Pa.C.S. § 2503 (delineating limited classes of matters in which a reasonable counsel fee may be recovered as costs).

becomes apparent: first, to encourage victims of domestic abuse, who are often financially dependent upon their abusers, to take advantage of the protections offered by the Act; and second, to include a financial disincentive among the Act's arsenal of weapons designed to deter abusers from further abusive conduct.

These twin purposes of counsel fees awards under the Protection from Abuse Act are served equally well whether the award is made to reimburse a plaintiff who has paid counsel to prosecute an action or directly to plaintiff's counsel[3] who has prosecuted the action free of charge. Awards of fees to counsel willing to prosecute protection from abuse actions without prior payment encourages private counsel to accept such cases and helps to support legal services agencies which are chronically short of funds. This improved availability of counsel to prosecute actions under the Protection from Abuse Act clearly serves the purpose of encouraging financially disadvantaged potential plaintiffs to take advantage of the Act's protections. Moreover, because the financial impact upon the defendant is the same regardless of the recipient of the award of counsel fees, the potential deterrent effect of counsel fees awards remains the same if awards are authorized in cases where the plaintiff has been represented free of charge.[4]

**3.** Of course, where a counsel fees award is made in a case in which counsel has acted *pro bono,* the award should be made directly to counsel in order to avoid a windfall to the plaintiff.

**4.** The appellate courts of other jurisdictions which have addressed the issue generally have held that the public policy reasons for statutes authorizing awards of counsel fees are not mitigated by the fact that a prevailing plaintiff was represented free of charge. *See, e.g., New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 70 n. 9, 100 S.Ct. 2024, 2034 n. 9, 64 L.Ed.2d 723 (1980); *In re Marriage of Ward,* 3 Cal.App.4th 618, 4 Cal.Rptr.2d 365 (1992); *Benavides v. Benavides,* 11 Conn.App. 150, 526 A.2d 536 (1987); *Beeson v. Christian,* 594 N.E.2d 441 (Ind.1992); *Hale v. Hale,* 772 S.W.2d 628 (Ky.1989); *Gaddis v. Gaddis,* 632 S.W.2d 326 (Mo.App.1982); *In re Marriage of Malquist,* 266 Mont. 447, 880 P.2d 1357 (1994); *Spoto v. McCarroll,* 250 N.J.Super. 66, 593 A.2d 375 (App.Div.1991); *Shands v. Castrovinci,* 115 Wis.2d 352, 340 N.W.2d 506 (1983).

Accordingly, we hold, as did the trial court, that Section 6108(a)(8) of the Protection from Abuse Act permits the court to award reasonable fees to plaintiff's counsel even if counsel did not charge plaintiff for his or her services.

Despite its interpretation of Section 6108(a)(8), however, the trial court refused to award fees to plaintiff's counsel in this case. Krassnoski contends that this was error because awards of counsel fees should be mandatory unless the defendant is indigent. The trial court, referring to section 6108(a)(8)'s provision that the court "*may* direct the defendant to pay reasonable attorney fees," 23 Pa.C.S. § 6108(a)(8) (emphasis added), held that the award of fees is discretionary. The trial court went on to explain that it denied fees because the defendant's conduct during the litigation was not dilatory, vexatious or obstructive and because defendant's income was less than plaintiff's. We agree with the trial court that the language of Section 6108(a)(8) clearly places the decision whether or not to award fees within the trial court's discretion. However, we find that the court in this case did not consider the proper factors in exercising this discretion.

The trial court's discussion of whether the defendant's conduct was dilatory, vexatious or obstructive would have been appropriate in a case where counsel fees were not specifically authorized by statute, but instead were sought as a sanction for such conduct under a more general exception to the American Rule. *See* 42 Pa.C.S. § 2503(6), (7) (permitting awards of fees as a sanction for dilatory, obdurate, or vexatious conduct during the pendency of any matter). In actions such as this, however, where counsel fees are statutorily authorized in order to promote the purposes of a particular legislative scheme, the trial court should not determine the appropriateness of counsel fees under the general standards applicable in all litigation. Rather, it should consider whether an award of fees would, in the circumstances of the particular case under consideration, promote the purposes of the specific statute involved. Thus the trial court should have focused not upon Rosey's conduct during the course of the litigation, but

rather upon whether, under all the circumstances of this case, an award of counsel fees in this case would serve the Protection from Abuse Act's purposes by deterring Rosey from repeating the type of conduct that led to the finding of abuse.

In its opinion supporting the denial of counsel fees, the trial court took into consideration the fact that Rosey's income was less than Krassnoski's. We find support in the Protection from Abuse Act for the proposition that the court may properly consider the defendant's ability to pay an award of counsel fees in determining whether such an award should be made. Section 6107(d) of the Act, 23 Pa.C.S. § 6107(d), which requires costs of the proceedings to be imposed upon the defendant if the plaintiff prevails, makes a specific exception for cases in which the defendant is indigent. This principle should also be applied in making the determination of whether counsel fees should be awarded. The fact that defendant's income is less than that of plaintiff is not conclusive of the issue, but it may be relevant in making a finding regarding Rosey's ability to pay an award of counsel fees in this case.

In light of the above discussion, we remand this matter for the trial court to reconsider the request for counsel fees and to apply the proper factors. If the court finds that, in the particular circumstances of this case, a counsel fees award is a fair and appropriate means of deterring further abusive conduct by the defendant, the court should proceed to make findings as to the reasonableness of the fees requested by plaintiff, and an award of reasonable fees should be made.[5]

Finally, we note that in the conclusion of her brief, plaintiff has included among her requests for relief a request

---

**5.** Plaintiff-appellant cites a sizeable body of authority for the proposition that where counsel has not actually charged a fee, reasonable fees should be determined in light of prevailing market rates for similar services by attorneys of similar expertise and experience. It is clear that this is the standard in the federal courts. *See, e.g., Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Rodriguez v. Taylor, supra.* However, the issue of how a reasonable fee should be determined is not now before us, and accordingly we do not decide whether the federal standard should be adopted in cases arising under Pennsylvania's Protection from Abuse Act.

that this court make an award of $1800 in additional appellate counsel fees to cover preparation of the trial court brief,[6] preparation of the case for appeal and the copying costs necessary to meet this court's filing requirements. We decline to make such an award under either the specific statutory authorization of the Protection from Abuse Act or the general provisions of the Rules of Appellate Procedure.

Krassnoski's appeal was necessitated by the judge's ruling denying counsel fees. It is unrelated to substantive issues regarding Rosey's abusive conduct or to the protection from abuse injunction itself. Thus an award of appellate counsel fees would not further the statutory purposes of 23 Pa.C.S. § 6108(a)(8) by deterring further abusive conduct.

In addition, we cannot find that Krassnoski is entitled to appellate counsel fees under Pa.R.A.P. 2744.[7] Appellee Rosey's conduct in connection with this appeal was not dilatory, obdurate or vexatious.

Accordingly, the request for appellate counsel fees is denied.

Order vacated; case remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

---

6. This item is not properly a cost of the appeal. If the cost of its preparation is to be recovered, a request must be made to the trial court for its consideration in conjunction with the request for counsel fees flowing from the hearing in this matter.

7. Rule 2744 provides that counsel fees may be awarded by the appellate court "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744, 42 Pa.C.S.