J-S16031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEBRA JACKSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| USAA A/K/A, D/B/A AND/OR T/A, | : | |
| GARRISON PROPERTY AND | : | |
| CASUALTY INSURANCE COMPANY, | : | |
| | : | |
| Appellants | : | No. 1259 EDA 2019 |

Appeal from the Judgment entered May 22, 2019
in the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2017, No. 0174

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                           Filed: April 30, 2020

USAA a/k/a, d/b/a and/or t/a Garrison Property and Casualty Insurance

Company ("USAA"), appeals from the Judgment awarding Debra Jackson

("Jackson") attorney's fees in the amount of $34,850.[1]  We affirm.

---

[1] USAA filed its Notice of Appeal from the trial court's March 13, 2019, Order, which granted Jackson's post-trial Motion requesting, *inter alia*, counsel fees. An appeal properly lies from the entry of judgment, not from an order denying post-trial motions. *See Johnston the Florist, Inc. v. TEDCO Constr. Corp.*, 657 A.2d 511, 516 (Pa. Super. 1995) (*en banc*).  This Court entered an Order directing USAA to praecipe the trial court prothonotary to enter judgment, and USAA complied.  Judgment was entered on May 22, 2019. Thus, USAA's Notice of Appeal relates forward to the date Judgment was entered, and there are no procedural/jurisdictional impediments to our review. *See Hart v. Arnold*, 884 A.2d 316, 325 n.2 (Pa. Super. 2005) (stating that "[a] final judgment entered during the pendency of an appeal is sufficient to perfect appellate jurisdiction.").  We have corrected the caption accordingly.

The trial court summarized the relevant history underlying the instant appeal as follows:

> On June 5, 2017, [Jackson] filed a civil [C]omplaint seeking payment of her first party medical bills ("PIP claim") for injuries sustained in a motor vehicle accident on November 29, 2015. [Jackson], a pedestrian who neither owned a motor vehicle nor resided with anyone who had a motor vehicle, also sought interest, attorney['s] fees, and treble damages from [USAA], who provided motor vehicle coverage to the driver who struck [Jackson]. The parties stipulated that [USAA] did not pay the PIP claim until after suit was initiated. By the date of trial, the parties stipulated, the PIP claim of $5,994.65 was fully paid.

Trial Court Opinion, 10/23/19, at 2.

> On November 28, 2018, a non-jury trial was held before [the trial court] to determine whether [Jackson's] counsel was entitled to attorney['s] fees for representing a claimant in connection with a claim for first[-]party benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"). [] Jackson[], represented by [John Trotman, Esquire ("Attorney Trotman"), of] Silverman, Trotman & Schneider, LLC [], sought first[-]party benefits for injuries she sustained as a pedestrian in a motor vehicle accident. The [t]rial [c]ourt found that [] USAA …, without reasonable foundation, refused to pay [Jackson's] first[-]party Personal Injury Protection ("PIP") benefits, and that, pursuant to [75] Pa.C.S.A. [] § 1798(b), [Attorney Trotman] was entitled to a reasonable attorney's fee for time expended in securing payment of [Jackson's] PIP claim.
>
> [Attorney Trotman] submitted a Fee Petition [(the "Fee Petition")] in the amount of $100,648.86 on January 7, 2019. The Fee Petition was broken down as follows:

| | |
|---|---|
| Attorney[] fees | 75,753.00 |
| Costs | 5,473.19 |
| Interest on the PIP claim | 1,438.72 |
| Treble damages | 17,983.95 |
| **Total** | **100,648.86**[FN1] |

---

[FN1] [Attorney Trotman] petitioned for an award under [75] Pa.C.S.A. §§ 1716, 1979(b)(4), and 1798(b), for Payment of Benefits, Customary Charges for Treatment, and Attorney['s] Fees and Costs, respectively.

---

The [t]rial [c]ourt awarded [Attorney Trotman] $34,850 in attorney fees and awarded [Jackson] interest in the amount of $1,438.72 on her PIP claim on March 11, 2018….

*Id.* at 1-2 (footnote and emphasis in original). USAA timely filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

USAA presents the following claims for our review:

1. Whether the trial court abused its discretion and/or committed an error of law in awarding attorney's fees under 75 Pa.C.S.[A.] § 1798 because [Attorney Trotman] pursued the first-party benefits claim on a contingency fee basis[,] and the statute precludes an award of attorney's fees in this context[,] and because the trial court otherwise misapplied § 1798 in awarding fees on this record, where [Jackson's] counsel pursued the first-party claims for no fee?

2. Whether the trial court abused its discretion and/or committed an error of law in awarding attorney's fees for time incurred in pursuing attorney's fees because [Jackson] had no material interest in the fee litigation?

Brief for Appellant at 4.

Our review of a trial court's decision in a non-jury case is as follows:

[The Court is] limited to a determination of whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. Findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed on appeal absent error of law or abuse of

discretion. When this Court reviews the findings of the trial judge, the evidence is viewed in the light most favorable to the victorious party below and all evidence and proper inferences favorable to that party must be taken as true and all unfavorable inferences rejected. "With regard to such matters, our scope of review is plenary as it is with any review of questions of law."

*Hart v. Arnold*, 884 A.2d 316, 330-31 (Pa. Super. 2005) (citations omitted). "The [trial] court's findings are especially binding on appeal, where they are based upon the credibility of the witnesses, unless it appears that the court abused its discretion[,] or that the court's findings lack evidentiary support[,] or that the court capriciously disbelieved the evidence." *Id.* (citations omitted). "Conclusions of law, however, are not binding on an appellate court, whose duty it is to determine whether there was a proper application of law to fact by the lower court." *Tagliati v. Nationwide Ins. Co.*, 720 A.2d 1051, 1053 (Pa. Super. 1998).

Similarly, "[o]ur standard of review [of an order] denying a motion for a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or committed an abuse of discretion." *Angelo v. Diamontoni*, 871 A.2d 1276, 1279 (Pa. Super. 2005).

At issue is the trial court's interpretation and application of a statute, 75 Pa.C.S.A. § 1798(a) and (b). When interpreting legislative enactments, we are guided by the Statutory Construction Act, which recognizes that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter

- 4 -

of it is not to be disregarded under the pretext of pursuing its spirit." *Id.* § 1921(b). Words and phrases within a statute must be "construed according to rules of grammar and according to their common and approved usage," *id.* § 1903(a), and must be read within the context of the remaining statutory language. *Commonwealth v. Office of Open Records*, 103 A.3d 1276, 1285 (Pa. 2014). It is only when the plain language of a statute is ambiguous that courts may resort to other tools of statutory construction in order to ascertain the General Assembly's intent. *See* 1 Pa.C.S.A. § 1921(c). Further,

> [w]henever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.

*Id.* § 1933.

Before addressing USAA's first claim, we set forth the plain language of the statute at issue, to assist in understanding USAA's argument. Section 1798 provides, in relevant part, as follows:

> **(a)** *Basis for reasonable fee.***—No attorney's fee** for representing a claimant in connection with a claim for first party benefits provided under Subchapter B (relating to motor vehicle liability insurance first party benefits) … **shall be calculated, determined or paid on a contingent fee basis**, nor shall any attorney's fees be deducted from the benefits enumerated in this subsection which are otherwise due such claimant. An attorney may charge a claimant a reasonable fee based upon actual time expended.

> **(b)** **_Unreasonable refusal to pay benefits._**—In the event an insurer is found to have acted with no reasonable foundation in refusing to pay the benefits enumerated in subsection (a) when due, **the insurer shall pay,** in addition to the benefits owed and the interest thereon, **a reasonable attorney fee based upon actual time expended.**

75 Pa.C.S.A. § 1798(a), (b) (emphasis added).

USAA first claims that the trial court improperly awarded Jackson attorney's fees, because Jackson's counsel pursued the PIP claim on a contingency fee basis. **_See_** Brief for Appellant at 10. USAA disputes the trial court's determination that "[Jackson's] counsel's disavowment of the existence of a contingency fee agreement suggests that no fee was contemplated for securing [Jackson's] PIP benefits." **_Id._** at 11 (citation and internal quotation marks omitted). USAA directs our attention to the statement by Attorney Trotman that he would receive no fee if Jackson was able to secure her PIP benefits without filing a lawsuit. **_Id._** at 12. According to USAA, Attorney Trotman's testimony "reflects a contingency fee in its commonly used meaning." **_Id._** at 13.

Additionally, USAA argues that, pursuant to section 1798, any reasonable attorney's fee "is necessarily tied to the amount that counsel actually charges the claimant in pursuit of first-party benefits." **_Id._** USAA posits that subsections (a) and (b) are "inextricably" tied, and that "any award amount under § 1798(b) is necessarily the same amount that would have been charged to the claimant under § 1798(a)." **_Id._** at 14. Because Attorney

Trotman's fee amount under subsection (a) is zero, USSA contends that the zero-dollar figure must also apply with respect to any fees sought under subsection (b). *Id.* at 15.

Our review of the plain language of section 1798(a) discloses that subsection (a) refers only to the pursuit of first-party benefits under subchapter B of the MVFRL and catastrophic loss benefits under subchapter F of the MVFRL. 75 Pa.C.S.A. § 1798(a). The parties do not dispute that Jackson's PIP claim constituted a claim for the type of benefits contemplated under subsection (a). The plain language of subsection (a) provides, in relevant part, that "[n]o attorney's fee … shall be calculated, determined or paid on a contingent fee basis[.]" 75 Pa.C.S.A. § 1798(a). This Court has defined a "contingent fee" as

> an agreement express, or implied, for legal services ... under which compensation, contingent in whole or in part upon the successful accomplishment or disposition of the subject matter of the agreement, is to be in an amount which either is fixed or is to be determined under a formula....

**Eckell v. Wilson**, 597 A.2d 696, 699 (Pa. Super. 1991).

By contrast, section 1798(b) expressly provides for the imposition of attorney's fees when an insurer has acted unreasonably in refusing to pay the benefits enumerated in section 1798(a). **See** 75 Pa.C.S.A. § 1798(b).

Here, the trial court found that USAA unreasonably refused to pay Jackson the benefits enumerated under subsection (a). **See** Trial Court Opinion, 10/23/19, at 10. Therefore, the trial court awarded Jackson

attorney's fees, as set forth in subsection (b). *Id.* at 6. In doing so, the trial court found that Attorney Trotman did not have a contingent fee arrangement with Jackson. *Id.* at 8-9. Specifically, the trial court relied upon the testimony of Attorney Trotman, who stated the following:

> [ATTORNEY] TROTMAN: For the record, we have no contingency fee with [] Jackson for this particular first-party benefits matter. The goal was to get her medical bills paid, which they have been, or they almost are done.
>
> *        *        *
>
> THE COURT: So[,] in the event that you didn't have to file suit in order for [] Jackson's PIP benefits to be paid, then you would not have been compensated for any efforts of your office to obtain her first-party benefits, is that correct?
>
> [ATTORNEY] TROTMAN: Correct, Your Honor.

Trial Court Opinion, 10/23/19, at 8 (quoting N.T., 11/28/18, at 218-19). The trial court concluded that the arrangement described by Attorney Trotman was not a contingent fee arrangement, because no fee was contemplated for securing Jackson's PIP benefits. *See* Trial Court Opinion, 10/23/19, at 9.

Under this definition set forth in *Eckell*, we discern no error in the trial court's determination. Attorney Trotman's compensation was not contingent upon the *successful* accomplishment of the subject matter. Rather, no fee was contemplated for successfully pursuing Jackson's PIP claim. Upon the successful accomplishment of the subject matter, the fee would not be in an amount "which is either fixed or to be determined under a formula." *Id.*

However, even if an agreement for "no fee" upon the successful accomplishment of the subject matter constituted a contingent fee arrangement, we conclude that the trial court did not err in awarding attorney's fees to Attorney Trotman under subsection (b). As the United States District Court for the Eastern District of Pennsylvania has observed, "[e]ven though 75 [Pa.C.S.A.] § 1798(b) prohibits contingency fee agreements, nothing in the text of the statute states that an insured forfeits her right to recover attorney's fees as a penalty for entering into such an arrangement." **Platt v. Fireman's Fund Ins. Co.**, 2012 U.S. Dist. LEXIS 71000, *29 (E.D. Pa. May 22, 2012). The federal district court's reasoning is persuasive, when viewed in light of the plain language of subsections (a) and (b).[2]

Here, the trial court determined that USAA acted unreasonably in refusing to pay Jackson's PIP claim, an enumerated benefit in section 1798(a). Trial Court Opinion, 10/23/19, at 10. Pursuant to the plain language of 75 Pa.C.S.A. § 1798(b), Jackson was entitled to the payment of her attorney's fees. **See** 75 Pa.C.S.A. § 1798(b). Consequently, we cannot grant USAA relief on this claim.

---

[2] **See Commonwealth v. Ragan**, 743 A.2d 390, 396 (Pa. 1999) (recognizing that the Pennsylvania Supreme Court "is not bound by decisions of the federal courts inferior to the United States Supreme Court, even though we may look to them for guidance.").

In its second claim, USAA argues that the trial court abused its discretion by awarding attorney's fees for the time incurred by Attorney Trotman in pursuing the attorney's fees, after the resolution of Jackson's PIP benefits claim. Brief for Appellant at 17. Specifically, USAA disputes the trial court's inclusion of the 5.6 hours in fees incurred for the preparation of the Fee Petition by Attorney Trotman. *Id.* In particular, USAA distinguishes the case relied upon by the trial court, *Richards v. Ameriprise Fin., Inc.*, 217 A.3d 854 (Pa. Super. 2019), as that case involved a petition for fees under the Unfair Trade Practice and Consumer Protection Law ("UTPCPL"). Brief for Appellant at 17-18. According to USAA, the *Richards* case is distinguishable because the UTPCPL "limits the recovery of fees to actual time spent for representing a claimant in connection with a claim for first[-]party benefits." *Id.*

Further, USAA contends that the case upon which the *Richards* Court relied, *Birth Ctr. v. St. Paul Cos.*, 727 A.2d 1144 (Pa. Super. 1999), provided that "fee recovery may include the reasonable fees incurred in preparation and litigation of the fee petition[,] if the client retains a material interest in the fee litigation." Brief for Appellant at 18 (emphasis omitted) (quoting *Birth Ctr.*, 727 A.2d at 1161). USAA argues that Jackson had no further material interest in the fee litigation, as Attorney Trotman had secured the payment of Jackson's PIP claim before trial. *Id.* at 21. Therefore, USAA claims, the award of attorney's fees should not have included the time spent solely in pursuit of

attorney's fees, and, at a minimum, should exclude the time expended "from September 14, 2018, through January 7, 2019, totaling 39.6 hours—exclusive of the 5.6 hours discussed above and associated with the drafting of the [F]ee [P]etition." *Id.* at 20.

"Appellate review of an order of a tribunal awarding counsel fees to a litigant is limited solely to determining whether the tribunal palpably abused its discretion in making the fee award." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 974 (Pa. Super. 2011).

As this Court has explained,

> where counsel fees are statutorily authorized in order to promote the purposes of a particular legislative scheme, the trial court should not determine the appropriateness of counsel fees under the general standards applicable in all litigation. Rather, it should consider whether an award of fees would, in the circumstances of the particular case under consideration, promote the purposes of the specific statute involved.

*Krebs v. United Refining Co. of Pa.*, 893 A.2d 776, 788 (Pa. Super. 2006) (quoting *Krassnoski v. Rosey*, 684 A.2d 635, 639 (Pa. Super. 1996)).

Contrary to USAA's argument, the relevant consideration for the trial court is not whether Jackson continued to have a "material interest" in the proceedings, but whether the award of fees "would, in the circumstances of the particular case under consideration, promote the purposes of the specific statute involved." *Krebs*, 893 A.2d at 788. As subsection (b), by its language, seeks to deter the unreasonable denial of claims by the insurer, an

award of fees for preparing the Fee Petition promotes the specific purposes of the statute involved. **See Krebbs**, **supra**.

In its Opinion, the trial court explained its award as follows:

"There is a dearth of Pennsylvania authority addressing the propriety of a fee award for hours spent preparing and litigating fee petitions." **Richards v. Ameriprise Fin., Inc.**, [217 A.3d at 871]. [The] Superior Court acknowledged that "the federal courts generally permit such fees, but [that] the hours assigned to that task must be reasonable." **Id.** "Determining the reasonable amount of time to prepare a fee petition is inherently an inexact science." [**Id.** at 871] (citing **Johnson v. G.D.F., Inc.**, 2014 U.S. Dist. LEXIS 14446, *31 (N.D. Ill. 2014)).

The Fee Petition includes four entries that post-date the [t]rial [c]ourt's Findings of Fact and Conclusions of Law. The four entries, one dated December 18, 2019, two dated January 3, 2019[,] and one dated January 7, 2019[,] are for work related to reviewing the [t]rial [c]ourt's [O]rders and drafting the Fee Petition[,] for a total of 5.6 hours.

The [t]rial [c]ourt ordered [Attorney Trotman] to submit a Fee Petition, which included the following time spent after the PIP claim was paid:

- 0.1 hours reviewing two [t]rial [c]ourt [O]rders;

- 1.1 hours drafting the Fee Petition;

- 1.3 hours to continue drafting the Fee Petition; [and]

- 3.1 hours drafting, reviewing, editing and filing the Fee Petition.

The time [that Attorney Trotman] spent reviewing the [t]rial [c]ourt's [O]rders and drafting the Fee Petition was not excessive and was reasonably included in the 139.4 hours awarded. The [t]rial [c]ourt awarded reasonable attorney fees based on time expended to secure [Jackson's] PIP claim, which included time spent reviewing the [t]rial [c]ourt's [O]rders and drafting the Fee Petition.

- 12 -

Trial Court Opinion, 10/23/19, at 13-14.  As we discern no abuse of discretion by the trial court in its calculation and award of attorney's fees, we cannot grant USAA relief on this claim.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/30/20