J-S16033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DEBRA JACKSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| USAA A/K/A D/B/A AND OR T/A | : | No. 2215 EDA 2020 |
| GARRISON PROPERTY AND | : | |
| CASUALTY INSURANCE COMPANY | : | |

Appeal from the Order Entered October 23, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 170600174

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 21, 2021**

Appellant Debra Jackson appeals from the Order entered in the Court of Common Pleas of Philadelphia County on October 23, 2020, denying her "Petition for the Award of Attorney Fees for Attorney Time Spent After 1/7/2019 (Including Appeal Hours)" (hereinafter "Second Fee Petition"). Following our review, we affirm.

The trial court set forth the relevant facts and procedural history herein as follows:

> The procedural history and facts of this case have been previously detailed in this court's I925(b) Opinion docketed at 1259 EDA 2019 ("First Trial Court Opinion"). For convenience, they are summarily reiterated below.
> On June 5, 2017, [Appellant] filed a civil complaint against [Appellee] USAA d/b/a Garrison Property and Casualty Insurance

_____

[*] Former Justice specially assigned to the Superior Court.

Company in relation to injuries sustained in a motor vehicle accident on November 29, 2015. [Appellee] provided motor vehicle coverage to the driver who struck [Appellant]. [Appellant] sought to recover compensation of her first party medical bills ("PIP claim"), interest, attorney fees, and treble damages under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL")

By the date of trial, the parties stipulated that the PIP claim of $5,994.65 was fully paid, but that [Appellee] did not pay the PIP claim until after suit was initiated.

The trial court thereafter held a non-jury trial on November 28, 2018, to determine whether [Appellant's] counsel was entitled to a reasonable attorney fee under 75 Pa.C.S.A. §§ 1716 and 1798[1] for representing a claimant in connection with a claim for first party benefits under the MVFRL. The trial court found that [Appellee] had no reasonable foundation for refusing to pay [Appellant's] PIP benefits, and that [Appellant's] counsel was entitled to a reasonable attorney fee.[1] The trial court ordered [Appellant's] counsel to submit a Fee Petition (hereinafter "First Fee Petition").

The trial court, for the reasons set forth in the First Trial Court Opinion, awarded [Appellant's] counsel an attorney fee of $34,850, and interest of $1,438.72. These amounts reflected fees for work performed by [Appellant's] counsel up to January 7, 2019 the date when [Appellant's] counsel filed the First Fee Petition. [Appellee] appealed this decision on April 11, 2019, and Superior Court affirmed the trial court's award in a non-precedential memorandum decision filed April 30, 2020. See Jackson v. USAA,

_____

[1] Stating, in relevant part:

a) **Basis for reasonable fee.--**No attorney's fee for representing a claimant in connection with a claim for first party benefits provided under Subchapter B (relating to motor vehicle liability insurance first party benefits) or a claim for catastrophic loss benefits under Subchapter F (relating to Catastrophic Loss Trust Fund) shall be calculated, determined or paid on a contingent fee basis, nor shall any attorney's fees be deducted from the benefits enumerated in this subsection which are otherwise due such claimant. An attorney may charge a claimant a reasonable fee based upon actual time expended.

75 Pa.C.S.A. § 1798(a) (footnotes omitted).

236 A.3d 1139 (Pa.Super. 2020).

On June 11, 2020, [Appellee] sent [Appellant's] counsel a check for $40,000. See Second Fee Petition. This payment included an overpayment of $977.02, the purpose of which is disputed by the

parties. *See* id.; see also Defendant Garrison Property and Casualty Insurance Company's Response in Opposition to Plaintiffs Petition for the Award of Attorney's Fees Post January 7, 2019, filed 10/14/2020.

On September 24, 2020, [Appellant's] counsel filed the instant Second Fee Petition. See Second Fee Petition. In the Second Fee Petition, [Appellant's] counsel sought an additional attorney fee totaling $11,597.98 pursuant to 75 Pa.C.S. §§ 1716 and 1798. See id. This amount reflected 50.3 hours of work, at $250 per hour, for time expended between the dates of January 24, 2019 and September 24, 2020, less the overpayment. Id. [Appellant's] work during this period included time spent litigating the First Fee Petition before the trial court, reviewing the trial court's grant of the First Fee Petition, time spent on appellate litigation over the First Fee Petition, and time spent preparing the Second Fee Petition filed with the trial court. See Exhibit G to Second Fee Petition. [Appellee] filed a response to the Second Fee Petition on October 14, 2020.

The trial court denied [Appellant's] Second Fee Petition on October 22, 2020. [Appellant's] counsel filed a motion for reconsideration on November 2, 2020, which the trial court denied on November 6, 2020. [Appellant's] counsel thereafter timely filed the instant notice of appeal.

On December 14, 2020, [Appellant's] counsel filed a Statement of Matters Complained Of On Appeal pursuant to Pa.R.A.P. 1925(b) ("Statement"). [Appellant's] counsel prefaced the Statement with the following:

[Appellant's] counsel is unsure that it can determine the specific basis of (and/or all of the reasons for) the [c]ourt's October 22, 2020 Order[2]/decision to deny the award [of] attorney fees to [Appellant's] counsel for attorney time spent after January 7, 2019 in this matter, Such time would not have been expended if [Appellee] had not opposed and appealed the [c]ourt's March 12, 2019 Order and decision awarding $34,850.00 in

---

[2] The Order was entered on the docket on October 23, 2020.

attorney fees to [Appellant's] counsel for time spent successfully litigating the case (pursuant to 75 Pa.C.S. 1716 and 1798(b)) and $1,438.72 in interest to [Appellant] (pursuant to 75 Pa.C.S. 1716) up until January 7, 2020. The basis and reasoning for denying the award of post-1/7/2019 attorney fees to [Appellant's] counsel for[sic] are not stated by the [c]ourt in its October 22, 2020 Order, nor in its November 6, 2020 Order denying [Appellant's] motion for reconsideration of the October 22, 2020 Order. Therefore, [Appellant] preserves, and does not waive, [her] right to appeal issues described generally herein, as provided for in See[sic] Pa. R.A.P. 1925(b)(4)(vi) ("If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors only in general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.").

Statement, pp. 1-2. [Appellant's] Statement thereafter included the following errors:. . . .

___

[1]Specifically, the trial court found that [Appellant's] claims representative, Jack Gillaspia, denied [Appellant's] PIP claim on the bases that [Appellant] was related to her landlord; that [Appellant] was covered by insurance; and that [Appellant] had failed to submit a corrected Affidavit of No Insurance. First Trial Court Opinion, at 5-6, 9-10. The trial court found this denial unreasonable, as the evidence showed [Appellant] had indeed submitted a corrected affidavit of no insurance and an affidavit stating that [Appellant] was not related to her landlord. Id. at 9-10.

Trial Court Opinion, filed 1/13/21 at 1-3.

In her brief, Appellant presents one issue for our review:

Did the Trial Court abuse its discretion, committing reversible error, when it denied the award attorney fees to plaintiff-Appellant's counsel for post-1/7/2019 time expended in an effort to secure defendant-Appellee's payment of 75 Pa.C.S. § 1798(b) attorney fees and 75 Pa.C.S. § 1716 interest (both awarded on 3/12/2019), because its denial was irreconcilably

inconsistent with the prior award, and failed to uphold the purposes of 75 Pa.C.S. § 1798(b)?

Brief for Appellant at 4.

Under Pennsylvania law, litigants cannot recover their attorney fees from an opposing party unless there is an express statutory authorization for an award of attorney fees, a clear agreement by the parties that attorney fees may be recovered, or some other established exception. ***Trizechahn Gateway LLC v. Titus***, 601 Pa. 637, 976 A.2d 474, 482-83 (2009); ***Lavelle v. Koch***, 532 Pa. 631, 617 A.2d 319, 323 (1992); ***Bayne v. Smith***, 965 A.2d 265, 267 (Pa.Super. 2009). The burden is on the party seeking attorney fees to show that it has the right to recover such fees. ***Petow v. Warehime***, 996 A.2d 1083, 1087 (Pa.Super. 2010); ***Gall v. Crawford***, 982 A.2d 541, 549 (Pa.Super. 2009).

This Court stated the following when deciding Appellee's issues raised in the first appeal of this civil action:

> "Appellate review of an order of a tribunal awarding counsel fees to a litigant is limited solely to determining whether the tribunal palpably abused its discretion in making the fee award." ***Braun v. Wal-Mart Stores, Inc.***, 24 A.3d 875, 974 (Pa. Super. 2011).
>
> As this Court has explained,
> where counsel fees are statutorily authorized in order to promote the purposes of a particular legislative scheme, the trial court should not determine the appropriateness of counsel fees under the general standards applicable in all litigation. Rather, it should consider whether an award of fees would, in the circumstances of the particular case under consideration, promote the purposes of the specific statute involved.

> ***Krebs v. United Refining Co. of Pa.***, 893 A.2d 776, 788 (Pa. Super. 2006) (quoting ***Krassnoski v. Rosey***, 454 Pa.Super. 78, 684 A.2d 635, 639 (Pa. Super. 1996)).
>
> Contrary to USAA's argument, the relevant consideration for the trial court is not whether Jackson continued to have a "material interest" in the proceedings, but whether the award of fees "would, in the circumstances of the particular case under consideration, promote the purposes of the specific statute involved." ***Krebs***, 893 A.2d at 788. **As subsection (b), by its language, seeks to deter the unreasonable denial of claims by the insurer, an award of fees for preparing the Fee Petition promotes the specific purposes of the statute involved**. ***See Krebbs***, ***supra***.

***Jackson v. USAA***, 236 A.3d 1139, unpublished memorandum at *5

(Pa.Super. 2020) (emphasis added).

> In the instant appeal, Appellant reasons as follows:
>
> Had plaintiff-Appellant's counsel not successfully spent the time and effort challenging defendant-Appellee's opposition to, and appeal of, the previously-requested and Ordered payment of fees and interest, the defendant-Appellee's payment would not have occurred. . .. An award of this type, for the additional attorney time expended, also promotes the 75 Pa.C.S. § 1798(b) purpose "to encourage potential plaintiffs to seek vindication of important rights." Krebs at 2006 PA Super 31, p.30, 893 A.2d 776, 788 (citing Krassnoski). To promote a such [sic] plaintiff-encouragement, the fee-shifting provision of 75 Pa.C.S. § 1798(b), should not be limited to the time period up until payment of benefits, but should include all attorney time expended until payment of all awarded damages; this would include plaintiff-Appellant counsel's requested compensation for post-1/7/2019 attorney hours. . . . With the Superior Court's determination that an award of fees for the preparation of a fee petition promotes the deterrent purpose of 75 Pa.C.S. § 1798(b), it follows that an award of fees for fighting the opposition of that petition, and litigating the eventual appeal of the related award also promotes the deterrent purpose of the statute.

Brief for Appellant at 12-13, 15, 20. Appellant asks this Court to reverse the

trial court's Order and remand for the issuance of post-1/7/2019 attorney fees

in the amount of $11,597.98 ($12,575.00 less Appellee's over-payment of $977.02. ***Id***. at 16.

Section 1798(b) provides that "[i]n the event an insurer is found to have acted with no reasonable foundation in refusing to pay the benefits ... when due, the insurer shall pay, in addition to the benefits owed and the interest thereon, a reasonable attorney fee based upon actual time expended." 75 Pa.C.S.A. § 1798(b).

As this Court previously stated, Subsection (b)'s provision for an award of attorney's fees to counsel who prepares a fee petition promotes the specific purpose of the statute which seeks to deter an insurer's unreasonable denial of claims. Upon determining Appellee had no reasonable basis upon which to refuse Appellant's efforts to secure the PIP claim, we found no error or abuse of discretion in the trial court's granting of reasonable counsel fees expended in securing payment pursuant to the First Fee Petition.

Significantly, no further appeal was taken by either party thereafter. Appellee sent Appellant a payment of $40,000 in satisfaction of the judgment on June 11, 2020. Months later, Appellant filed a Second Fee Petition for attorney's fees for services rendered *after* the filing of the First Fee Petition under the authority of Section 1798(b).

Initially, Appellant arguably has waived her request for these fees, as she was aware of them before the trial court issued its ruling on the First Fee Petition on March 11, 2019, and she made no effort to supplement the petition

to seek appellate counsel fees while it was pending, nor did she appeal this Court's April 30, 2020, decision.  (**See** Pa.R.A.P. 903(a) providing a party is required to file any appeal within 30 days of an order's entry).

To the extent her request may be deemed preserved or she seeks counsel fees for drafting the instant petition, as the trial court stresses in its Rule 1925(a) Opinion, Appellant's Second Fee Petition sought fees for services expended in connection with Appellee's contesting the first petition before the trial court and through appeal, and such conduct is not that which Pa.C.S.A. §§ 1798(b) seeks to deter.  **See** Trial Court Opinion, filed 1/13/21, at 6.  This conclusion is in line with our previous holding, and Appellant points to no statutory authority or caselaw to the contrary.  In fact, Appellant's reliance upon **Krassnoski v. Rosey**, 684 A.2d 635 (Pa.Super. 1996) supports the trial court's denial of the Second Fee Petition.

In **Krassnoski**,  the appellant's request for appellate counsel fees and costs of appeal was denied under Pa.R.A.P. 2744[3] upon this Court's finding that such an award was not permitted under either the specific statutory authorization of the Protection from Abuse Act or the general provisions of the Rules of Appellate Procedure.  In doing so, we reasoned as follows:

---

[3] This Rule provides, in relevant part, that counsel fees may be awarded by the appellate court "if it determined that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Pa.R.A.P. 2744.

> Krassnoski's appeal was necessitated by the judge's ruling denying counsel fees. It is unrelated to substantive issues regarding Rosey's abusive conduct or to the protection from abuse injunction itself. Thus an award of appellate counsel fees would not further the statutory purposes of ⚑23 Pa.C.S. § 6108(a)(8) by deterring further abusive conduct.
>
> In addition, we cannot find that Krassnoski is entitled to appellate counsel fees under Pa.R.A.P. 2744. Appellee Rosey's conduct in connection with this appeal was not dilatory, obdurate or vexatious.

*Id.* at 639, 640 (footnote omitted).

In accordance with the plain language of 75 Pa.C.S.A. § 1798(b), counsel previously was awarded a reasonable attorney fee following the trial court's finding that Appellee acted unreasonably in failing to pay first party benefits. These fees were for legal work undertaken to resolve Appellant's PIP claim; therefore, the stated purpose of Section 1798(b) to deter the unreasonable delay in payment of benefits enumerated in Section 1798(a) was satisfied when the trial court granted the First Fee petition and awarded Appellant attorney's fees. As a result, we discern no abuse of discretion in the trial court's denial of Appellant's Second Fee Petition, and affirm its October 23, 2020, Order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/21/2021